(Sup. Court of Cin., General Term, 1899.)
## M. J. RICHMOND ET AL. v. STANDARD OIL CO.

*Parties are not absolutely bound by an account stated—*

Evidence tending to show that there is one item in an account stated which, it had been agreed, should be withdrawn, for future settlement, and that debtor's bookkeeper, who acquiesced in the account as stated, had no authority to o so, is admissible in an action upon such account.

Error to special term.

This suit was on what purported to be a stated account. The defendant below offered testimony to the effect that there was one item which, it had been agreed, should be withdrawn from the account, for some future settlement, and also that the account was acquiesced in by their bookkeeper, who was without authority so to do. This testimony the trial judge refused to admit, on the ground that all parties were bound by the account as stated.

DEMPSEY, J.

The reviewing court holds that the testimony was competent and it was error to exclude it.

Judgment reversed.

*Shay & Cogan,* for Plaintiff in Error.
*Stallo Richard & Shaw,* contra.

(Superior Court of Cinti., Special Term, 1899.)
## CINCINNATI (City) v. M. SULLIVAN.

Where the typography of the property furnishes all necessary local service drainage, and a tile sewer, constructed by the property owner, receives and discharges the surface and other drainage upon the premises into a trunk sewer, there is sufficient local drainage, within the meaning of sec. 2380, R. S., to exempt the property from the sewer assessment.

JACKSON, J.

From the agreed statement of facts herein I am constrained to find that the property of defendant was provided with sufficient local drainage, under section 2380, Revised Statutes, prior to the construction of the sewer for which assessment is sought to be enforced.

The facts show that the typography of the property in question furnished it with all necessary local surface drainage; and also that a "burnt sewer tiling of sufficient size, being a twenty-four inch drain," had been laid in the bed of the creek by defendant in the rear of his property. It appears that this burnt sewer tiling effectually received and discharged into a trunk sewer "the surface and other drainage" of defendant's premises. It also appears that the defendant's frame dwelling house on the premises was connected with the burnt sewer tiling by an open brick gutter. I therefore think the defendant's property should be releived from the burden of assessment on the authority of *Wiswell* v. *Cincinnati,* 45 Ohio St. 407, and *Toledo* v. *Railway Co.* 4 C. C. 113.

*John V. Campbell,* for Plaintiff.
*Charles F. Dolle,* for Defendant.

(Lucas County Common Pleas.)
Decided March 20, 1899.
## ALEXIS C. BURDWICK v. ISAAC N. SHAW et al.

B. died intestate, and the owner of real estate in this state which came to him by descent from his father. He left surviving him neither widow nor children nor brothers nor sisters, nor parents. Held: that the estate passed to the brothers and sisters of the father or their legal representatives, whether such brothers and sisters are of the whole or half blood of the father.

PUGSLEY, J.

This is an action of partition, and is before the court on a demurrer to the answer and cross-petition of the defendants, Irving Coon and others. The parties to the suit claim to be the heirs at law of one Rufus C. Baker, who died intestate on February 3, 1898, and was at the time of his death the owner of the real estate described in the petition. This real estate came to said Rufus C. Baker by descent from his father, Wm. Baker. The said Rufus C. Baker left surviving him neither widow nor children nor brothers nor sisters nor parents. The plaintiff is a son of a deceased sister of the said Wm. Baker of the whole blood. The cross-petitioners are children of a deceased sister of the said Wm. Baker of the half-blood. The question presented by the demurrer is whether the children of the deceased sister of the half-blood of said Wm. Baker have inherited any interest in said real estate. The answer to this question depends upon the proper construction of sec. 4158, Revised Statutes, which section regulates the descent of real property which has come to the intestate by descent, devise or deed of gift from an ancestor. In this case, under subdivision 5 of said section, the real estate of Rufus C. Baker upon his death passed to and vested in the children of the brothers and sister of Wm. Baker, the ancestor. The language of said subdivision is as follows: "The estate shall pass to and vest in the brothers and sisters of such ancestor, or their legal representa-